I'm ready for our second case this morning. It's case number 4131083 Peeble v. Campbell for the appellant, Brian Carroll, and for the appellee, James Majors. Mr. Carroll, please proceed. Good morning, your honors. Counsel. Mr. Campbell maintains that Officer Egan's claim to have detected the odor of raw cannabis coming from the driver's window of his car did not justify the search of the car's trunk. But even if it did, it certainly did not justify the search of the pill bottle found in the trunk or the pills contained in the bottle. And for that reason, the proof of the search should have been suppressed. The permissible scope of the search was limited to those places where one could reasonably believe the object of the search could be found. In this case, the object of the search was the source of the odor of raw cannabis. Nothing below shows it was reasonable for the officer to believe that the pill bottle found in the trunk could have been the source of the odor he detected coming from the driver's side window. The officer never claimed to have smelled cannabis coming from the trunk, never claimed that he smelled cannabis when he opened the trunk, never claimed that the bottle smelled like cannabis. And even if he was justified in suspecting the bottle, once he picked it up and handled it, he would have known that it had pills in it, not plant matter. So he had no justification in opening up that bottle. But then once he did, all his justification completely vanished. There was no cannabis in it, and his search was only justified to look for raw cannabis. Was any of the evidence found in the trunk of the car the basis of a charge against the defendant in this case? No, Your Honor, but Campbell's argument below was that the search warrant for the storage unit was based on the pills being found in his trunk. And the state never disputed that below. All the parties perceived it as if the search warrant... Well, why would the state have to dispute anything? I mean, they're just responding to the motion the defendant brought. Well, Your Honor, if the search of the car and the finding of pills was a completely collateral matter that had no relevance, wouldn't that have been the state's strongest argument in response to the motion, to walk into court and say, who cares? No. No, actually, if I were the prosecutor in that situation and the defendant had made a motion to suppress, as opposed to quash, which is a nonsense motion, but made a motion to suppress evidence that wasn't pertinent at all to the case that I was bringing, I think maybe saying nothing might be the best tactical course. And I hope that the defendant wouldn't figure out that even if he was successful, that wouldn't have anything to do with the actual charges that were brought against him. Even if that's the case, Your Honor, because it never got to the attenuation stage below, then the remedy here would be to remand for a... that was denied should have been granted. But the evidence that was introduced against the defendant had nothing to do with the evidence that was the subject of the motion to suppress. Well, the theory behind the motion was that the finding of the pills led to the search warrant. I mean, that's what he said. The written motion says that defense counsel... I understand the theory, but the point being, if you wanted to suppress what was seized from the storage units, the storage lockers, the motion should have been to suppress the evidences in the storage lockers in setting forth before the court the claims the defendant had as to why the motion should be granted, including how information that was relied upon by the state to obtain the search warrant was unlawfully obtained, which apparently was his theory in part, and therefore the search warrant is based on improper information, fruit of the... unlawful fruit of the poisonous tree kind of stuff, but that wasn't asserted at all. As a matter of fact, there seems to be, and you seem in your brief to be making the same point, that the search warrant, to the extent it might be based upon, information that was, at least in part, obtained from the search of this trunk, would be rendered invalid. But that's not the case either, is it? I mean, a search warrant, if it contains information that is valid and invalid for whatever reason, such as here, let's assume it was an improper search, would have to be evaluated based upon the valid information, whether that was sufficient. But none of that was presented to the trial court or argued to the trial court here, was it? Well, I would argue that argument was made. The written statement did argue that, or ask for, all the evidence obtained through the search of the pills be suppressed. And it also alleged that the search warrant was obtained on the basis of the search of the pills. Counsel Blow did sort of do a two-part kind of motion. He argued that if the pills were to be suppressed, then he'd move on to make his argument of why the warrant was no good. But he presented the argument itself, that the warrant was no good, and everything after the search of the pills was the fruit of that illegal search. That argument was raised before, but it wasn't litigated because the trial court erroneously ruled that the search of the pills was proper. Going on, back to the search, the odor of the cannabis at most justified the search for raw cannabis. No raw cannabis was found in the car. At that point, the search should have been stopped. Now, the plain view doctrine did not justify the search of the pills. Having different types of pills in a bottle in itself is not a crime. It is only if the prescribed pill that happens to be a controlled substance is possessed in a container other than what it was originally dispensed in, that a crime occurred. And here, Egan admitted that he had no idea what kind of pills he was looking at when he opened the bottle. They could have been over-the-counter painkillers. They could have been breath mints. So, the plain view doctrine only applies when the incriminating nature of the items is immediately apparent, and Egan testified that it was not immediately apparent. So, because the search of the pills was improper, the fruit of that search should have been suppressed. I argued in response to Justice's question that I continue to maintain that the parties below proceeded as if the contraband found in the storage unit was the fruit of the search. Why would counsel have filed this motion to suppress, in the first place, if not to suppress the items that Campbell was charged with? I don't think he filed this motion just for fun. I think everyone below understood what the ultimate goal of getting this search suppressed was. And the timeline of events indicate that the search of the car led to the storage unit. The police only sought to search the storage unit after the pills were found in the car. There was no evidence presented below that the police had any actual knowledge of Campbell being involved in drug dealing other than the pills being found. So, to the extent that it's ambiguous whether or not there is a connection between the finding of the pills and the obtaining of the search warrant, we need an extenuation to figure it out. I know the state, for the first time on appeal, argues that the collective knowledge of the police justified the search. But the state never argued that below. In their written response to the motion, the totality of the circumstances they argued justified the search didn't include the collective knowledge. There was no evidence of any collective knowledge. At the suppression hearing, he testified only that Campbell was under surveillance. He never said under surveillance for what. He stipulated bench trial. The stipulation states only that the police received information regarding activities by Campbell and what those activities were. And the state's argument in its brief is largely based on the evidence from the search warrant, which were never introduced below. And can that properly be considered for affirming trial court below? Unless this court has any other questions. I see no questions. Am I correct, you have a recently filed motion to cite additional authority? No. Or that was from the state? It's the first I've heard. You have not seen that? I have not seen that. Okay. Well, we'll ask Mr. Majors about that. You will have rebuttal. Thank you. May it please the court, Mr. Carroll. Trying to shorten things up here. I brought a few things with me. I know we're not allowed. I'm going to get the water. You don't want to hear people stand up here and read things, but I think this will shorten up proceedings. The motion to suppress filed by Mr. Callahan, page 87 through 88, says, Wherefore, Mr. Campbell respectfully requests this court to suppress the seizure of pills located in the pill bottle pursuant to, and then he cites the authority. He says he reserves the right to challenge the validity of the search warrant. And you go to C-197. That's the last page of Mr. Campbell's motion to reconsider. For the reasons stated above, Mr. Campbell respectfully requests the court to suppress the pill bottles. And then you go to the reply brief filed by defendant at page 12. Even if the order of cannabis did justify the search of the drunken pill bottle, there was absolutely no justification for the search of the pills themselves. The defendant has never moved to suppress the evidence that formed the basis of these criminal charges. At one point he said he might do that if he won the motion, but he has never moved to suppress this actual evidence, which is like six guns, some cannabis, and some cocaine. And even if he were to do that, he hasn't identified which of the three search warrants he may have challenged or may choose to challenge. I find it kind of interesting that they keep saying there's no evidence below, no evidence in the record about the search warrants. They made a motion to supplement the record several months ago with a search warrant, late for search warrant, return to the search warrant, and all three search warrants right here. I can tender it to the clerk if you like. And they say there's no evidence of drug dealing. Well, after Mr. Callahan loses his motion, he works out a deal with the prosecutor to plead out to certain cases and have a sentencing hearing. And part of the stipulated bench trial they had to preserve the suppression issue, which they really didn't preserve, recites all this stuff about drug dealing. The counsel just got up here and said there's no evidence of drug dealing below. Well, that's in People's Exhibit 1, and that's referred to in the stipulated bench trial. Who is this lawyer, Callahan? Is he a local lawyer? I looked him up on the Internet out of curiosity. Where is he from?  Years ago they called him the white powder bar who do a lot of advertising and do a lot of bragging, do a lot of chest pounding, do a lot of table pounding, but they don't really produce much. So he's a fellow from Chicago? It looks to me like yes. Is that a local lawyer? No. Well, that would explain the motion to quash arrest. Well, you know, I cited a case of Ramirez from this court. And it goes right to the statute, and it says the motion to suppress must clearly identify the evidence sought to be suppressed at a minimum. Well, they never did that. Or if they did it, they did it on the wrong evidence. So I don't know why we're here. But if the court disagrees with what I just said, then we go back to whether or not this search was proper. And I've cited cases that say when you smell a strong odor of marijuana, you can go into the trunk if you don't find it anywhere else. Any questions? Well, you filed a motion. I thought it was defense counsel. You filed a motion to cite additional authority? Yes. I thought I left out the ‑‑ Mr. Carroll says he's not seen that motion. Well, I don't know how that happened, Judge. I apologize if we failed to send it to him. It's out of this. Okay. This court normally grants motions to cite additional authority. If you feel, however, Mr. Carroll, you need to respond to that in some way, please do so. But we'll grant the motion. Are you finished, then? Well, I just explained the motion, just briefly. Okay. The whole point of the motion, and I don't even need it because we both cited cases saying the same thing, that this court can consider the evidence at the trial, even the stipulated bench trial. And if you look at People's Exhibit 1, it has all this stuff about drug dealing, which is completely unrelated to the pills in the trunk. It stands on its own. Thank you. All right. Thank you. Any rebuttals? Just that, just because the search warrants were subbed to the record at the appeal level, does it mean it's proper to consider them since they were never introduced and they were never before the trial court? It just asks me to do it. Do you have a copy of the motion? It leaves the side a 1988 decision. Okay. Okay. Thanks to both of you. The case is submitted. Court stays in recess.